**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE** | § | **NO. 19-11528** |
| | § | |
| **CELLA III, LLC,** | § | **SECTION "A"** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

---

## MEMORANDUM OPINION

Before the Court is the *Motion for Allowance of Administrative Expense Claim Pursuant to Sections 365 and 503(b) of the Bankruptcy Code for Professional Fees and Expenses Incurred Pursuant to a Lease Agreement; Or in the Alternative, for a Cure Payment Under Section 365(b); Or Further in the Alternative, for Allowance of General Unsecured Claim* (the "Motion"), [ECF Doc. 320], filed by Jefferson Parish Hospital District #2, Parish of Jefferson, State of Louisiana, d/b/a East Jefferson General Hospital ("EJGH"). Cella III, LLC ("Cella" or the "Debtor"), as well as secured creditor Girod LoanCo, LLC ("Girod"), filed oppositions to the Motion. [ECF Docs. 349 & 350]. EJGH filed a Reply Brief in support of its Motion. [ECF Doc. 352]. The Court heard oral argument on the Motion on February 10, 2021, and took the matter under submission. [ECF Doc. 373]. For the following reasons, the Court DENIES the Motion in its entirety.

## RELEVANT PROCEDURAL BACKGROUND

On September 12, 2018, Cella initiated a lawsuit against EJGH in Louisiana state court, asserting claims including breach of a May 2016 lease between Cella and EJGH (the "Lease") and damages including accelerated rents, costs, and attorneys' fees. [Adv. No. 19-1145, ECF 1-1].[1] In its Answer, EJGH asserted no reconventional demands against Cella. [Adv. No. 19-1145, ECF

---

[1] Although EJGH did not attach a copy of the Lease to the Motion, Cella and EJGH introduced the Lease as a joint exhibit at the September 2020 trial and it was admitted into evidence as Joint Exhibit 1. [Adv. No. 19-1145, ECF Doc. 163].

1-1]. Shortly after filing for bankruptcy relief in this Court on June 5, 2019, Cella removed the case to the U.S. District Court for the Eastern District of Louisiana (the "District Court") pursuant to 28 U.S.C. §§ 1334(b), 1446(a), and 1452, as well as Federal Rule of Bankruptcy Procedure 9027. The District Court referred the case to this Court. [No. 19-11743, ECF Doc. 18 (E.D. La. Oct. 22, 2019)].

After a three-day trial in September 2020, this Court found that Cella failed to meet its burden to show that EJGH breached the Lease and dismissed Cella's petition in its entirety. [Adv. No. 19-1145, ECF Doc. 168]. EJGH now moves this Court for an Order granting EJGH an administrative expense claim under § 503(b) against the Debtor's estate in the amount of the reasonable attorneys' fees it expended in defending against Cella's lawsuit. EJGH claims that it is owed those fees under the Lease as a "prevailing party" and asserts that "[p]ayment of those fees is an obligation imposed upon the Debtor post-petition [by § 365(d)(3) of the Bankruptcy Code] and, as such, is an actual and necessary expense of preserving the estate." *See* Motion, ¶¶ 16–17. Alternatively, EJGH seeks an Order (i) requiring Cella to pay monetary defaults owed under the Lease as cure payments required for Cella to assume the Lease under § 365 of the Bankruptcy Code, *see* Motion, ¶¶ 23–26, or (ii) granting an allowed general unsecured claim against the estate in the amount of its reasonable attorneys' fees owed pursuant to the Lease if the Court determines that the debt arose prepetition. *See* Motion, ¶ 27.

As EJGH acknowledges, each of the bases for relief requested by EJGH is dependent first upon EJGH's right to payment of its attorneys' fees under the Lease. *See* Hr'g Tr. Min. 23:48—23:57 (referring to the initial determination of whether section 24 of the Lease entitles EJGH to attorneys' fees as a "gating issue"). "It is manifest in Louisiana jurisprudence that attorney's fees are not recoverable unless authorized by contract or statute." *Peyton Place, Condominium Assoc.,*

*Inc. v. Guastella*, 18 So.3d 132, 146 (La. App. 5 Cir. 2009) (citation omitted). But a review of the plain terms of the Lease reveals that EJGH is not entitled to payment of its attorneys' fees by the Debtor.

**JURISDICTION AND VENUE**

This Court has core jurisdiction to grant the relief provided for herein on a final basis pursuant to 28 U.S.C. §§ 1334 and 157(c)(2). The venue of the Debtor's chapter 11 case is proper under 28 U.S.C. §§ 1408 and 1409(a).

**DISCUSSION**

"Agreements legally entered into have the effect of laws on those who have formed them." *McCrary v. Park S. Props*., 560 So.2d 38, 45 (La. App. 2 Cir. 1990). "It is not the province of the court to relieve the party of a bad bargain, no matter how harsh." *Id*. Rather, "courts are bound to give legal effect to all contracts according to the true intent of the parties and the intent is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences." *Id*. Indeed, "[a] court's overriding question when interpreting a contract is determining the parties' intent to give effect to their intentions." *Northstar Offshore Grp., LLC v. A&B Valve & Piping Sys., LLC (In re Northstar Offshore Grp., LLC)*, No. 17-03406, 2018 WL 5880949, at *5 (Bankr. S.D. Tex. Nov. 5, 2018) (citing *Reliant Energy Servs., Inc. v. Enron Can. Corp*., 349 F.3d 816, 822 (5th Cir. 2003)).

"To determine intent, [courts] look to the plain language of the contract, its commercial context, and its purposes." *Reliant Energy Servs., Inc*., 349 F.3d at 822 (citing *Pennzoil Co. v. FERC*, 645 F.2d 360, 388 (5th Cir. 1981)). Contract interpretation begins by looking to the "four corners" of the contract, followed by consideration of extrinsic evidence only if the contract is ambiguous. *Dean v. City of Shreveport*, 438 F.3d 448, 460–61 (5th Cir. 2006); *see also Reliant*

*Energy Servs., Inc.,* 349 F.3d at 822 ("When a contract is expressed in unambiguous language, its terms will be given their plain meaning and will be enforced as written." (citation omitted)).

A contract "is ambiguous when it is reasonably susceptible to more than one meaning, in light of surrounding circumstances and established rules of construction." *Dean*, 438 F.3d at 460–61 (quoting *N. Shore Lab. Corp. v. Cohen*, 721 F.2d 514, 519 (5th Cir. 1983)). "The mere fact that the parties may disagree on the meaning of a contractual provision is not enough to constitute ambiguity." *Reliant Energy Servs., Inc.*, 349 F.3d at 822. And "a contract should be interpreted as to give meaning to all of its terms—presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous." *Transitional Learning Cmty. at Galveston, Inc. v. U.S. Office of Pers. Mgmt.*, 220 F.3d 427, 431 (5th Cir. 2000); *see also New Orleans Jazz & Heritage Found., Inc. v. Kirksey*, 40 So.3d 394, 401 (La. App. 4 Cir. 2010) ("[E]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." (citing LA. CIV. CODE art. 2050)).

In its Memorandum Opinion finding that Cella failed to show at trial that EJGH breached the Lease, this Court examined in detail the provisions of the Lease and determined that "the intent of the parties regarding their obligations under the Lease can be ascertained by a careful reading of each unambiguous provision and the Lease as a whole." [Adv. No. 19-1145, ECF Doc. 168, at 17]. Pertinent here, the Lease identifies: (i) the events that constitute EJGH's default under the Lease, *see* Lease, § 20; (ii) Cella's remedies for EJGH's default under the Lease, *see* Lease, § 21; (iii) the events that constitute Cella's default under the Lease, *see* Lease, § 22; (iv) EJGH's remedies for Cella's default under the Lease, *see* Lease, § 23; and (v) "general default provisions," Lease § 24. EJGH asserts that section 24 of the Lease entitles it to an award of the attorneys' fees it expended in defending against the Cella lawsuit for breach of the Lease.

Section 24 states in relevant part:

> If either party is in default in the performance of any of the terms, covenants, agreements or conditions contained in this Lease and the non-defaulting party places the enforcement of this Lease, or any part thereof, in the hands of an attorney the defaulting party in such dispute agrees to pay, on demand, all reasonable attorney's fees and other expenses or fees incurred by the prevailing party in connection with such actions.

EJGH interprets the use of the term "prevailing party" in section 24 to mean *any* prevailing party, which, it contends, allows section 24 to "grant an award of legal fees and costs to the winner of the lawsuit." Reply Brief, ¶ 8; *see also* Hr'g Tr. Min. 13:22:46–23:48 (Feb. 10, 2021). But that is not what section 24 says, particularly when read in context with the preceding sections 20 through 23. Section 24 has two conditions that must be met before the right to attorneys' fees accrues, which EJGH ignores. Section 24 begins with the requirement that one party be in default of its obligations under the Lease: "If either party is in default in the performance of any of the terms, covenants, agreements or conditions contained in this Lease . . . ." Sections 20 through 23 identify the events of default for each party and the allowed remedies for such defaults. In its Petition, Cella accused EJGH of being in default of its obligations under the Lease, however, this Court found that EJGH was not in default. EJGH has never accused Cella of being "in default in the performance of any of the terms, covenants, agreements or conditions contained in the Lease" and no such finding has been made. Neither party is in default of its obligations under the Lease and, thus, a section 24 award of attorneys' fees has not been triggered. The analysis ends there.

But if this Court had found EGJH to be in default of the terms of the Lease, then section 24's second requirement would have been implicated: "the non-defaulting party places the enforcement of this Lease, or any part thereof, in the hands of an attorney." If Cella had prevailed at trial, and it retained an attorney to enforce the Lease, then Cella would have satisfied both

requirements of section 24 and, as the "prevailing party," would have been entitled to its reasonable attorneys' fees and other fees and expenses paid by the "defaulting party," EJGH. Again, however, no finding of default by Cella of its obligations under the Lease has been made; therefore, EJGH cannot be a "prevailing party" for purposes of section 24.

Because EJGH is not entitled to an award of attorneys' fees under the Lease, the Court need not speculate whether § 503(b) would provide EJGH the right to seek payment of those fees as an administrative expense. Likewise, the Court need not speculate whether § 365 requires Cella to pay monetary defaults owed under the Lease as cure payments required for Cella to assume the Lease, as no monetary defaults exist. And the Court also need not opine on whether EJGH's requested award of attorneys' fees accrued pre- or post-petition to determine whether EJGH holds a general unsecured claim against the estate, as EJGH is not entitled to such an award under the Lease.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Motion in its entirety.

New Orleans, Louisiana, March 2, 2021.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE